JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STEVE ROOF, an individual, <br><br> Plaintiff, <br><br> v. <br><br> STERLING C. SCOTT, an individual; MARCO HEGYI, an individual; ROB HUNT, an individual; ANTHONY CIABATTONI, an individual; and JEFF GIARRAPUTO, an individual, <br><br> Defendants, <br><br> and <br><br> GROW LIFE, INC., a Delaware corporation <br><br> Nominal Defendant. | Case No: 2:14-cv-03777-CAS (JEM) <br> Hon. Christina A. Snyder <br> Courtroom 5 <br><br> [PROPOSED] ORDER AND FINAL JUDGMENT <br><br><br> Derivative Action Filed: May 15, 2015 <br><br> Hearing Date: June 1, 2015 <br> Hearing Time: 10:00 A.M. |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court (the "Court") on August 17, 2015, pursuant to the Court's Order of June 1, 2015 (the "Scheduling and Preliminary Approval Order"), upon a Stipulation and Agreement of Compromise, Settlement and Release, executed on April 6, 2015 (the "Stipulation"), in the stockholder derivative action *Roof et al v. Sterling C. Scott et al.*, 2:14−cv−03777−CAS (JEM) (the "Derivative Action"); the Scheduling and Preliminary Approval Order and the Stipulation being incorporated herein by reference; it appearing that due notice of said hearing was given in accordance with the aforementioned Scheduling and Preliminary Approval Order and that said notice was adequate and sufficient; the parties having appeared by their attorneys of record; the attorneys for the respective parties having been heard in support of the proposed settlement (the "Settlement") of the Derivative Action; and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED that:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2. The Notice of Settlement of Stockholder Derivative Litigation has been given to stockholders of GrowLife, Inc. (the "Company") pursuant to and in the manner directed by the Preliminary Approval Order; proof of publication of the required notice was filed with the Court; and full opportunity to be heard has been offered to all parties, Company stockholders and persons in interest. The form and manner of the notice provided is hereby confirmed to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23.1, due process and applicable law, and it is further determined that all Company stockholders are bound by the Order and Final Judgment herein.

3. The Court reconfirms that, for settlement purposes only, the Federal Derivative Action is properly maintained as a shareholder derivative action on behalf of the Company, and that Plaintiff fairly and adequately represented the interests of stockholders similarly situated in enforcing the rights of Company stockholders. Plaintiff's Lead Counsel is authorized to act on behalf of Company stockholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

4. The Settlement is found to be fair, reasonable and adequate, and is hereby approved pursuant to Federal Rule of Civil Procedure 23.1. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

5. This Court has jurisdiction over the subject matter of the Federal Derivative Action, including all matters necessary to effectuate the Settlement and this Final Judgment and over all parties to the Derivative Action.

6. The Derivative Action and the Released Claims are hereby dismissed on the merits with prejudice as to all Defendants in the Derivative Action and against all Released Parties on the merits and, except as provided below in Paragraph 14, without fees or costs.

7. "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule, brought or that

could be brought derivatively or otherwise by or on behalf of the Company against any of the Released Parties (defined below), which now or hereafter are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that are, were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved or referred to in the Derivative Action and relate to, directly or indirectly, the subject matter of the Derivative Action in any court, tribunal, forum or proceeding, including, without limitation, any and all claims by or on behalf of the Company which are based upon, arise out of, relate in any way to, or involve, directly or indirectly any of the allegations in any complaint or amendment(s) thereto filed in the Derivative Action or any action consolidated into any such actions; *provided, however*, that the Released Claims shall not include claims to enforce this Settlement. For the avoidance of doubt, the Released Claims do not include (1) any direct claims on behalf of present or former Company stockholders that are being prosecuted in the Securities Class Action; (2) in the event of an adverse judgment in the Securities Class Action, claims, if any, by the Company to recover fees and expenses advanced by the Company in the Securities Class Action against any person for whom the Company has advanced fees and expenses in such actions; and (3) in the event of a payment of money damages by the Company in satisfaction of a judgment against the Company in Securities Class Action, claims, if any, by the Company for contribution.

8. "Released Parties" means (i) Sterling C. Scott, Marco Hegyi, Rob Hunt, Alan Hammer, Anthony Ciabattoni, and Jeff Giarraputo; (ii) any other individual or entity that was originally named as a defendant in the Derivative Action or any of the constituent actions underlying the Derivative Action or any action consolidated into any such actions; (iii) all other current and former employees, officers, directors and advisers of the Company, to the extent of any claimed liability relating, directly or

indirectly, to any of the claims asserted in the Derivative Actions; and (iv) for each and all of the foregoing persons or entities (but only to the extent such persons are released as provided above), any and all of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited-liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in- interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants and associates.

9. Plaintiff, the Company and by operation of law all Company stockholders, shall and hereby do completely, fully, finally and forever release, relinquish, settle and discharge each and all of the Released Parties from and with respect to any and all of the Released Claims, and will be forever barred and enjoined from commencing, instituting or prosecuting any action or proceeding, in any forum, asserting any of the Released Claims against any of the Released Parties.

10. Defendants, individually and collectively, shall and hereby do completely, fully, finally and forever release, relinquish, settle and discharge each and all of the Plaintiff, Plaintiff's Lead Counsel and all other plaintiff's counsel from and with respect to any and all claims arising out of or relating to the initiation, prosecution and resolution of the Derivative Action, excepting any claim to enforce the Stipulation or Settlement.

11. The Releases include any claims of Plaintiff or the Company or any Company stockholder that he, she or it does not know or suspect exist in his, her or its favor at the time of the releases of the Released Claims against the Released Parties,

including without limitation those which, if known, might have affected the decision to enter into or to object to the Settlement ("Unknown Claims"). Plaintiff and the Company shall have, and all Company stockholders shall be deemed to have, and by operation of the final order and judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under California Civil Code § 1542 or any law or principle of common law of the United States or any state or territory of the United States which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiff and the Company acknowledge, and all Company stockholders by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiff, the Company and all Company stockholders by operation of law, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, heretofore existed or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiff and the Company acknowledge, and all Company stockholders by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Settlement Agreement.

12. Plaintiff, the Company and each and every Company stockholder are hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively or in any

other capacity, asserting any of the Released Claims that are released pursuant to this Order and Final Judgment or under the Stipulation.

13. Neither the Stipulation, the Settlement, this Order and Final Judgment, nor any act performed, statement made or document executed pursuant to or in furtherance of the Settlement is or may be construed or deemed to be, a presumption, concession or admission (i) by any of the Released Parties or any other person of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Derivative Actions or otherwise or that the Company, Plaintiff, Plaintiff's Lead Counsel, any present or former stockholders of the Company, or any other person, have suffered any damage attributable in any manner to any of the Released Parties; or (ii) by Plaintiff, Plaintiff's Lead Counsel of any lack of merit of the Released Claims, or that the Company has not suffered cognizable damages caused by Defendants. The existence of the Stipulation and its contents, the Settlement, this Order and Final Judgment or any negotiations, statements or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked or otherwise used by any person for any purpose in the Derivative Action or otherwise, except as may be necessary to effectuate the Settlement. Notwithstanding the foregoing, any of the Released Parties may file the Stipulation or any judgment or order of the Court related hereto in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Plaintiff's Lead Counsel are hereby awarded attorneys' fees and expenses in the total amount of $150,000, which sum the Court finds to be fair and reasonable, and which shall be paid to Plaintiff's Lead Counsel in accordance with the terms of the Stipulation. Plaintiff is hereby awarded an incentive award in the total amount of $1,000.00, which sum shall be paid out of Plaintiff's Lead Counsel's attorneys' fees and expenses award.

15. The effectiveness of the Order and Final Judgment and the obligations of Plaintiff, Plaintiff's Lead Counsel, the Company, Company stockholders and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of attorneys' fees and expenses.

16. The Court further orders, adjudges and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims and all the parties in the above-styled and numbered stockholder derivative action.

17. Without affecting the finality of this Order and Final Judgment in any way, this Court retains jurisdiction over all matters relating to the administration and consummation of the Settlement and all parties hereto for the purpose of construing, enforcing and administering the Settlement.

18. In the event that the Settlement does not become effective or that Defendants exercise their right to terminate the Settlement in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided for and in accordance with the Stipulation.

Dated: August 17, 2015  _____

*Christina A. Snyder*

Hon. Christina A. Snyder
U.S. District Judge